**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LEVENSTON HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:07-cv-0103-RLY-TAB |
| | ) | |
| FEDERAL BUREAU OF PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Dismiss or Motion for Summary Judgment**

Levenston Hall ("Hall") is confined within this District serving the executed portion of a sentence imposed by the United States District Court for the Western District of Texas following his conviction for a drug offense. *See United States v. Hall,* 208 F.3d 1007 (7th Cir. 2000) (unpublished). Hall claims in this action that the Federal Bureau of Prisons ("BOP") has violated sections of the Privacy Act, 5 U.S.C. § 552a, by failing to investigate and correct alleged errors in his Presentence Investigation Report ("PSI"). The specific errors in the PSI that Hall alleges are that (1) he was a leader (organizer) of the criminal activity that led to his conviction and (2) he was involved in the sale of 188 grams of cocaine in 1997. Hall asserts that the BOP has an obligation to correct these purported errors and he seeks an order from this court directing such action by the BOP.  Hall's action is brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

The BOP seeks resolution of Hall's claim through the entry of summary judgment.[1] A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the non-moving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted).

---

[1]The BOP alternatively seek dismissal of the complaint for failure to state a claim upon which relief can be granted. That portion of the dispositive motion is disregarded, however, because even the BOP has relied on materials outside the pleadings in arguing for dismissal of the action.

Hall has not opposed the BOP's motion for summary judgment. The time within which he was permitted to do so has expired. Because he had the opportunity to file a brief in opposition to summary judgment that complied with the federal and local rules and failed to do so, this court will use the defendant's statement of material facts in determining whether summary judgment is proper. *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006). At the same time, those facts will be viewed in the light most favorable to Hall. *Id.*

As a general rule, the Privacy Act, 5 U.S.C. § 552a (e)(5) requires agencies to maintain records used to make determinations about individuals "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act grants individuals certain rights to obtain access to agency records pertaining to them and to request amendment to records they believe to be inaccurate. 5 U.S.C. § 552a (d)(1) and (2).

However, through 28 C.F.R. § 16.97(a) the Privacy Act specifically exempts the Inmate Central Record System, also referred to in this Entry as the BOP's central file, from having to remove or change information in an inmate's file. See 5 U.S.C. § 552a(c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), (e)(8)(f) and (g). *Visintine v. Bureau of Prisons,* 2007 WL 1020817, *2 (D.D.C. March 31, 2007). Hall's PSI is part of the BOP's central file. His PSI as maintained by the BOP is therefore exempt from the provision of the Privacy Act, which therefore does not afford him any relief. *See White v. United States Probation Office,* 148 F.3d 1124, 1125 (D.C.Cir. 1998) ("[P]resentence reports and BOP inmate records systems are exempt from the . . . Act."); *Deters v. United States Parole Commission,* 85 F.3d 655, 658 n.2 (D.C. Cir. 1996); 28 C.F.R. § § 16.51(c) and 16.97(a).

On summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).  That is the case here. Specifically, that is that case because the central file (of which an inmate's PSI is a part) is exempted from the accuracy, amendment, and remedy portions of the Privacy Act. The BOP does not owe Hall a duty with respect to the content of the PSI which can be enforced through the Privacy Act. "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *judgment aff'd., Johnson v. Jones,* 515 U.S. 304 (1995).The defendant's motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _10/02/2007_

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana